**David PRICE, Plaintiff,**

v.

**VIKING PRESS, INC., Peter Matthiessen, and Bruce Ellison, Defendants.**

**Civ. No. 4–85–819.**

United States District Court, D. Minnesota, Fourth Division.

March 16, 1987.

See also, D.C., 115 F.R.D. 40.

es, the FBI's suggestion appears to be the best

Dorsey & Whitney, Daniel P. O'Keefe, Minneapolis, Minn., for plaintiff; Banks & Johnson, Wayne F. Gilbert, Rapid City, S.D., of counsel.

Leonard, Keyes, Briggs & Morgan, St. Paul, Minn., Special Master.

Gerald Reade, Yankton, S.D., and Martin Garbus and Richard Kurnit, New York City, for Viking Press, Inc.

Davenport, Evans, Hurwitz & Smith, Lawrence L. Piersol, Sioux Falls, S.D., for Peter Matthiessen.

## ORDER

DIANA E. MURPHY, District Judge.

Now before the court are defendants' motion to extend the discovery deadline set by United States Magistrate Floyd E. Boline and plaintiff's request to submit additional discovery material prior to a ruling on defendants' motions for summary judgment and for dismissal.

On August 5, 1986, the court lifted its previously issued stay of discovery and sought the parties' estimates of how long discovery should take. Shortly thereafter a discovery deadline of February 13, 1987 was set. This was extended to April 1, 1987 in December of 1986 by Magistrate Boline. Defendants now seek to limit the application of that deadline to the issue of actual malice and to extend the deadline for discovery on all other matters to one year after the court renders a decision on their motion for summary judgment. Defendants assert that additional time is needed in order to complete document discovery from the Federal Bureau of Investigation. Plaintiff opposes such an extension, arguing that it would unfairly delay trial, that the discovery requested is not relevant to

way to proceed.

the litigation, and that defendants have had ample opportunity to conduct discovery.

Plaintiff requests an opportunity to provide the court with additional evidence obtained through discovery since the hearings on defendants' motions. Plaintiff states that its discovery should be completed by April 1, 1987, with the exception of discovery it seeks to obtain through a forthcoming motion to compel discovery. In response, defendants assert that the submission of additional evidence is not necessary for a ruling on its motions and request that the discovery schedule be adjusted for any postponement in the ruling resulting from the submission.

The parties have now had seven months in which to conduct discovery since the court lifted the stay on discovery requested by defendants. With respect to defendants' motion for an extension of the discovery deadline, the court recognizes that document discovery from the FBI requires a substantial amount of time. Under all the circumstances, the deadline should be extended by six months. It is impractical to extend it for some issues and not others, however. Plaintiff's request to submit additional evidence obtained through discovery should also be granted, and defendants should have an opportunity to respond to that submission.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendants' motion to extend the discovery deadline is granted as follows:

(a) Discovery shall be completed by October 1, 1987.

(b) Non-dispositive motions shall be brought so they may be heard and decided by October 1, 1987.

(c) Dispositive motions shall be filed and served no later than November 1, 1987.

(d) Trial should commence on or after January 1, 1988.

2. Plaintiff shall submit any additional evidence he wishes considered on the motion to dismiss by March 30, 1987. This submission shall include a memorandum describing the relevant facts contained in the discovery materials.

3. Defendants shall provide the court with any responsive memorandum by April 13, 1987.